M. Henry Martuscello, J.
This is the second trial of an action instituted by plaintiff Stellate to recover damages for personal injuries alleged to have been sustained by him as a result of the negligence of the defendants, Flagler Park Estates, Inc. (hereinafter referred to as Flagler) and Chesebro-Whitman Co., Inc. (hereinafter referred to as Chesebro); and wherein Flagler has impleaded Industrial Engineering Company, Inc. (hereinafter referred to as Industrial) as a third-party defendant, demanding judgment over against it.
Stellato, while in the employ of Industrial, was injured when he fell through an unguarded opening in a sidewalk bridge built by Chesebro and used as an appurtenance of a large apartment building that was being erected by Flagler, the owner and general contractor thereof. Industrial was a subcontractor engaged in constructing the concrete flooring in said building under a contract containing an indemnity clause in favor of Flagler, which the latter has invoked as the basis of its third-party complaint for recovery over. The clause reads as follows: ‘ ‘ Subcontractor * * * agrees to indemnify and save harmless the contractor and owner against loss or expense by reason of the liability imposed by law upon the contractor and/or the owner for damages because of bodily injuries * * * accidentally sustained by any person * * * arising out of or in consequence of the performance of this contract whether such injuries to persons * * * are due or claimed to be due to any negligence of the subcontractor, the contractor, the owner, his or their employees or agents, or any other person.”
The first trial resulted in a judgment for the plaintiff against Flagler and Chesebro in the sum of $80,000 and in a judgment over against Industrial on the third-party complaint. Upon appeal the Appellate Division (3 A D 2d 680) reversed the judgment against Flagler and Chesebro and ordered a new trial, thereby upsetting the judgment over.
When the case was called for retrial the parties entered into a stipulation which provided in substance that the plaintiff was to receive $60,000 in full settlement of his action, payable as *415 follows: $15,000 to be paid by defendant Chesebro — which sum has already been paid — and the balance of $45,000 to be paid by either Flagler or Industrial, depending upon a final determination here and in the appellate courts of the issue affecting said parties, namely, the enforcibility of the indemnity agreement above set forth.
Accordingly, the sole question presented on this trial is whether Industrial is obligated to indemnify Flagler upon the facts found with respect to the happening of Stellato’s accident. The basic facts relative thereto are conceded to be as follows: Stellato was piling on the sidewalk bridge lumber lowered thereto by eoemployees from upper floors where said material had been stripped from forms used by Industrial in the construction of said floors; and while so engaged he placed one foot on a pile of lumber six to eight inches high, and, as he did so, leaned forward and thereupon slipped or lost his balance and fell through the opening in said bridge, which was then, and had been for three or four days prior thereto, unprotected by any railing or other safeguard.
On the facts thus found I hold that the failure of Flagler to protect said opening, as required by provisions of the Labor Law, was the sole proximate cause of the accident and constituted active negligence, rendering it liable for the damages sustained by Stellato as a result thereof.
Turning now to the underlying feature of the question presented, I find that the indemnity clause clearly and unequivocally provides for indemnity to Flagler for its own negligence. Industrial, however, contends otherwise, and also claims that in any event its obligation under the agreement is limited to damages arising out of or in consequence of the performance of its contract, which language means caused by the doing of its work; and it argues that since the doing of its work was not the proximate cause of the accident, it follows that plaintiff’s claim is not one arising out of or in consequence of the performance of its contract, and consequently is not within the scope of the agreement for which indemnity was intended; and it cites as authority therefor Thompson-Starrett Co. v. Otis Elevator Co. (271 N. Y. 36).
The case relied upon is not in point nor authority for the position thus taken. There the defendant undertook to install elevators in a building and agreed to indemnify the general contractor, plaintiff’s predecessor, against all claims for damages growing out of the execution of its work. Two employees of the defendant while working in an elevator shaft were injured by a falling object owned by the general contractor; *416 and they sued the latter and recovered judgments upon showing that the accident was due to the negligence of said contractor in causing the object to fall and in failing to properly guard the elevator shaft. The plaintiff paid the judgments thus recovered and sought indemnity therefor, contending that the employees were injured while doing their work and therefore their claims were for damages growing out of the execution of the defendant’s work.
The Court of Appeals ruled against the plaintiff, holding that as the accident was caused solely by the negligence of the general contractor, for which indemnity was not expressly provided by the agreement, the claims resulting from said negligence were not for damages growing out of the execution of the defendant’s work, as said language, reasonably interpreted, meant damages caused by the doing of that work.
Industrial apparently views the foregoing interpretation as authorizing the meaning it assigns to the words involved herein. This point of view would be warranted if the subject agreement were assimilable to the agreement above construed. Said agreements, however, differ as to conditions requiring indemnity to be given and by reason thereof the position taken strains the purport of the determination relied upon.
The court did not say that the critical words considered had a fixed and invariable, meaning whenever used in an indemnity agreement, but that under the circumstances of the case the interpretation given was the meaning intended by the parties. Analysis of the rationale underlying the interpretation should help clear up the point raised herein.
Plaintiff was seeldng indemnity for damages caused solely by the negligence of its predecessor; and the question thereby raised was whether its contract expressly or impliedly made provision therefor. As the contract did not expressly so provide, it became necessary to ascertain if the general language thereof impliedly provided for indemnity for the negligence of the general contractor.
An indemnity agreement must be given a reasonable construction so as to carry out, rather than defeat, the evident purpose for which it was executed. Hence, the words in question did not warrant an interpretation that they signified, as was suggested by the plaintiff, damages resulting from the acts of the general contractor, unless indemnity for that purpose was intended by the parties. The primary purpose of the contract was not to purocure indemnity, but to provide for the installation of elevators and the indemnity agreement was an incident of the *417 contract; and, apparently proceeding on the premise that it would be unreasonable to suppose that an indemnitor under a contract executed for the purpose indicated, not having expressly agreed therein to the contrary, intends to assume liability when not guilty of wrongdoing or for acts over which the indemnitee has control, the court inferred that the agreement intended to afford protection against claims for damages resulting from the prosecution of the work undertaken by the defendant, and construed said critical words accordingly.
Here, however, the circumstances are entirely different and do not warrant so narrow an interpretation of the words in question as is sought by Industrial.
Flagler was burdened with the duty of providing the employees of its various subcontractors with a safe place to work, and was answerable for any damages resulting from its dereliction with respect thereto. This duty was onerous by reason of the many risks inherent in construction work; and since there was a definite relationship between Industrial’s operations and said risks, affecting, although not necessarily directly causing, the liability to which it was exposed by the aforesaid duty, Flagler sought exoneration therefrom by obtaining indemnity from Industrial. Industrial’s work brought its employees within the reach of Flagler’s duty and moreover was hazardous, thus aggravating dangers otherwise existing and increasing the chances of accidents happening with consequent liability to Flagler. The parties must have contemplated the aforesaid relationship when executing the agreement and therefore the words “ arising out of or in consequence of the performance of the contract ’ ’ were used in the sense of showing relation or connection with Industrial’s work, which factor limited the operation of the liability assumed, and not in the sense of limiting Industrial’s obligation to damages caused by the doing of its work, which interpretation would defeat and render pointless the indemnity agreement. (See Aluminum Co. of America v. Hully, 200 F. 2d 257; Indemnity Ins. Co. v. Koontz-Wagner Elec. Co., 233 F. 2d 380.)
It was the piling of the lumber on the sidewalk bridge that led Stellato to assume the position which proved precarious and thus caused him to slip or lose his balance and fall into the opening. Consequently, the doing of Industrial’s work was the primary, if not the proximate, cause of the accident; and the damages resulting therefrom can be said to be damages “ arising out of or in consequence of the performance of ’ ’ the contract in question, within the meaning and the intent of the *418 parties; and since said damages were caused by the negligence of Flagler, the latter is entitled to be indemnified against same by Industrial.
Accordingly, I deny the motion to dismiss the third-party complaint upon which decision was reserved and I direct that judgment be entered in favor of Flagler against Industrial in the amount of $45,000, without interest or costs as provided by the stipulation of the parties. The parties have also stipulated that execution is to be stayed pending final determination of all appeals and that no bonds are to be required to stay execution or perfect appeals; and that upon final determination of all appeals and payment by the unsuccessful party to Stellate of $45,000, any judgment or judgments herein between Flagler and Industrial are to be marked satisfied and the successful party is to execute the necessary satisfaction piece or pieces. Judgment to be entered may contain such provisions as are necessary to carry out the stipulations entered into.
Settle judgment.