ANTHONY BERNARDO, Plaintiff, *v.* FORDHAM HOISTING EQUIPMENT COMPANY et al., Defendants.

FORDHAM HOISTING EQUIPMENT COMPANY, INC., Third-Party Plaintiff-Respondent, *v.* DONATO & GAGLIANO, INC., Third-Party Defendant-Appellant.

First Department, December 9, 1958.

Sanford Saideman of counsel (Bernard Helfenstein, attorney), for appellant.

William F. McNulty of counsel (Hampton & Dietel, attorney), for respondent.

Per Curiam. Plaintiff, a construction worker, sues to recover for personal injuries alleged to have been sustained when he attempted to repair a defective materials hoist owned by defendant Fordham Hoisting Equipment Company and controlled by one of its employees. Fordham, in the third-party complaint, seeks recovery over from Donato & Gagliano, Inc., the contractor to whom the hoist was rented, alleging that plaintiff's injuries were attributable to the primary negligence of Donato; and also that Donato agreed by the terms of the lease agreement to indemnify Fordham from any liability for property damage or personal injury caused by the use of the leased equipment. The third-party defendant appeals from a denial of its motion to dismiss the third-party complaint as insufficient.

Plaintiff, in the main complaint, alleged that Fordham was negligent in several particulars: in renting a defective hoist and cable to Donato, in employing a person whose known physical infirmities prevented him from operating the hoist properly, and because of the employee's carelessness in suddenly raising the hoist while plaintiff was attempting to repair it. In its third-party complaint Fordham alleges, in addition to the written indemnification agreement, that no repairs to the hoist were required and that Donato was the party primarily negligent in the operation, maintenance and control of the hoist.

If, as Fordham alleges, the equipment was in good condition, and Fordham had nothing to do with the operation and control of the hoist at the time of the accident, it would not be liable to plaintiff in the first instance, and would, therefore, have no occasion to seek judgment over against the third-party defendant (Kile v. Riefler Bros. Contrs., 282 App. Div. 1000; Vanino v.

*Bruckman,* 6 A D 2d 1034). If the hoist it supplied, whatever its condition, was not operated by Donato but by its own employee, Fordham could then be held liable only as sole tortfeasor. If the cause of the accident was the supplying of a defective hoist which was controlled and operated by Donato, they would then be joint tort-feasors. In the latter case Fordham's liability would not be, as asserted, merely passive, and it would have no common-law right of indemnity from a joint tortfeasor (*McFall* v. *Compagnie Maritime Belge,* 304 N. Y. 314). Under the facts alleged either Fordham can be held liable for active negligence, or no negligence at all can be established against it (*Coffey* v. *Flower City Carting & Excavating Co.,* 2 A D 2d 191, affd. 2 N Y 2d 898). In neither circumstance can its third-party complaint survive.

The claim for contractual indemnity is likewise insufficient. The contract between Fordham and Donato provides only that Donato will hold Fordham harmless from any liability for property damage and personal injury caused by the leased property while under its control. This falls far short of that unequivocal expression of an intention to indemnify Fordham, even for its own negligence, which the law demands (*Semanchuck* v. *Fifth Ave. & 37th St. Corp.,* 290 N. Y. 412; cf. *Jordan* v. *City of New York,* 3 A D 2d 507, affd. 5 N Y 2d 723; *Stellato* v. *Flagler Park Estates,* 11 Misc 2d 413, affd. 6 A D 2d 843, motion for leave to appeal denied 5 N Y 2d 708).

The order appealed from should be reversed, on the law, and the third-party complaint dismissed, with costs.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and McNALLY, JJ., concur.

Order unanimously reversed on the law, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs, and judgment is directed to be entered in favor of the third-party defendant against the third-party plaintiff dismissing the third-party complaint, with costs.