◼ JOHN F. WHITE et al., Respondents, v. LONG ISLAND LIGHTING Co., Defendant and Third-Party Plaintiff Appellant-Respondent, et al., Defendants. CHAMPION CONSTRUCTION AND ENGINEERING Co., INC., Third-Party Defendant-Appellant.— Judgment of the Supreme Court, Nassau County, entered November 16, 1967, affirmed, with one bill of costs against both appellants, jointly. In this action to recover damages for personal injuries and wrongful death, it is clear from the testimony and the language of the contracts between appellant Long Island Lighting Co. ("Lilco") and the several contractors engaged at the construction site where the accident occurred that the former was the owner and general contractor at the site and, as such, owed the employees of the latter, including plaintiffs, the nondelegable duty to provide a safe place to work (Labor Law, § 200; see *Seigel* v. *Prima Concrete Constr. Corp.*, 27 A D 2d 946). Included therein was the detection of dangers discoverable by reasonable diligence. In our opinion, plaintiffs offered sufficient proof for the

jury to find (1) that Lilco breached that duty by failing to discover and alleviate a dangerous condition, to wit, hanger rods extending out from the tenth floor of the building, and (2) that the position of these rods was the proximate cause of the accident. There was not sufficient proof to show the accident may have been caused by the independent negligence of one of the several contractors (see *Olsen* v. *Chase Manhattan Bank*, 10 A D 2d 539, affd. 9 N Y 2d 829). As for the third-party action, we agree with the opinion of the learned trial court that the language of the contract between Lilco and plaintiffs' employer imposed absolute indemnity upon the latter. The language unequivocally expresses an intent to indemnify Lilco even for its own negligence (see *Fuller Co.* v. *Fischbach & Moore*, 7 A D 2d 33; see, also, *Stellato* v. *Flagler Park Estates*, 11 Misc 2d 413, affd. 6 A D 2d 843). We have examined the other contentions raised by Lilco, including the alleged prejudicial medical testimony and portions of the court's charge to the jury, and find them to be without merit. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.