312

B. L. W. REALTY HOLDING Co., INC., Respondent-Appellant, *v.*
SOCONY MOBIL OIL COMPANY, INC., Appellant-Respondent,
and SIXTY EAST 88TH STREET CORP., Respondent.

First Department, June 26, 1969.

*Joseph Karow* of counsel (*Lazarus & Berkowitz*, attorneys),
for respondent-appellant.

*Herbert C. Smyth* for appellant-respondent.

*Charles F. McMorrow* for respondent.

MARKEWICH, J. Plaintiff, owner of a garage building, sued defendant Sixty East 88th Street Corp., lessee of the building and defendant Socony Mobil Oil Co., Inc., supplier of gasoline to the garage, for damage by fire to the building, occasioned by leakage of gasoline into the basement. Defendant garage operator claimed over against defendant Mobil. The cause was tried before the court without a jury and resulted in a judgment in favor of plaintiff against defendant Mobil for $13,211.97 and in favor of defendant garage operator dismissing the complaint. Both plaintiff and defendant Mobil appeal.

The subject lease from plaintiff to the garage operator had the usual provision requiring safe operation. Defendant Mobil supplied gasoline to the garage under a regular delivery schedule and, in connection therewith, loaned pumps to the operator; repairs to the apparatus for handling gasoline were usually made by Mobil, though the contract restricted its obligation to repairing the pumps only " to the extent deemed necessary by it to keep it [the pumps] in operating condition ", while the operator was required to " keep it in good repair " and to make it " harmless and   *   *   *   not use or permit anyone else to use it until repaired." There was no relationship, contractual or otherwise, between plaintiff and Mobil.

On a Friday afternoon, the garage operator's manager was advised of a leak in a part of the gasoline apparatus which was not Mobil's property; he shut off the dispenser and the leak stopped. He put in a phone call for Mobil's repair service and left a message for its manager. When the call was returned, about 90 minutes later, the garage manager was not there, but Mobil's repair manager advised the garage employee who answered the phone to keep the pump shut off until the arrival of a mechanic the next morning. Apparently word was not passed by Mobil's repair manager to its delivery department, for Mobil's driver appeared on schedule Saturday morning and, before he was stopped by the garage foreman, delivered a quantity of gasoline into the unguarded and unmarked sidewalk fill pipe. The garage foreman, who knew of the existence of the leak, had done nothing about the matter until alerted by a flow of the newly delivered gasoline through the broken pipe onto the basement floor. His response to the presence of the gasoline was to move cars out of the basement, and a fire eventuated just as the last car was being moved, causing the damage which was the measure of the amount of the judgment.

Plaintiff owner, in suing both the garage operator and Mobil, asserted a cause of breach of lease against the former, and of negligence against both. The garage operator's claim over against Mobil claimed a breach of their service agreement, as well as affirmative negligence. The trial court held, in essence, that Mobil had a duty to repair the leak and that failure to perform that duty was the proximate cause of the damage.

We deem that holding erroneous. Whoever or whatever was responsible for the original creation of the incipiently dangerous condition, it was not Mobil, and any liability by Mobil could derive only from its negligent act or omission to act in response to notice of existence of the leak.

Assuming a duty owed by Mobil to the garage operator under their agreement, it could not possibly inure to plaintiff's benefit. Mobil owed plaintiff, a stranger to it, only the obligation to refrain from affirmative negligence. (See *Rosenbaum* v. *Branster Realty Corp.*, 276 App. Div. 167, and cases therein cited.) To begin with, no such duty was imposed by contract — indeed, the onus of repair was placed squarely on the operator by the delivery agreement. Nor did Mobil perform any act of affirmative negligence. While it is claimed that Mobil's driver negligently proceeded to make delivery without checking with the operator's employee, there was no custom or established procedure requiring that he do so. When asked "Was there any procedure with respect to receiving gas as far as the defendant [the garage operator] was concerned?", the garage foreman testified: "No. He would come over and we would tell him how much we needed. * * * We find out from the night before how much gas was pumped, and we would know in the morning. It was in the book. Or, in fact, the truck used to come around at certain days without even knowing what to pump. He automatically knew we needed so much gas and that was it. We never had to call him." Certainly this sole evidence on the point provides no basis for finding that there was any duty imposed by either custom or agreement for the truck driver to inquire as to the condition of the gasoline delivery system. In any event, it is indicated by the evidence that, as long as the garage personnel followed the telephonic admonition by Mobil's repair manager to shut off the gasoline apparatus and to keep it shut off until repair — an obligation also imposed by the terms of the delivery agreement — the situation would not have become dangerous. The delivery of gasoline into a shut-down system would not, it appears, have created any hazard.

The garage operator argues that Mobil was negligent in delaying its response to the Friday afternoon telephone message and in not sending its repair mechanic to the scene early on Saturday. (He did not arrive until after the fire.) Mobil owed no such obligation to plaintiff and it is, at the least, doubtful under the language of the delivery agreement whether such a duty was owed to the garage operator in respect of any part of the gasoline delivery system, let alone a part that did not belong to Mobil. And such delay would not excuse the operator's failure to keep the system shut off, whereby the potentially hazardous situation was exacerbated.

Thus, there is found in the record no basis for liability on the part of Mobil. Indeed, it appears that the affirmative causative negligence was that of the garage operator. Instructed by Mobil to shut off the pump and not use it, and also bound by the contract so to do, the operator did not keep it guarded or marked against use. And, as established by expert testimony, the operator's foreman in all probability touched off the fire by moving cars out of the basement and thereby activating their ignition systems in the presence of a heavy explosive concentration of gasoline vapor mixed with air in a relatively confined space. The evidence was overwhelmingly in favor of plaintiff on both causes of action as against the garage operator and just as much in favor of Mobil, and it should have been found accordingly.

On appeal from a judgment rendered by the court without a jury we should ordinarily, unless we affirm, grant the judgment which should have been granted at Trial Term (CPLR 5522; *Society of N. Y. Hosp.* v. *Burstein*, 22 A D 2d 768). The trial was held by agreement, however, solely on the issue of liability and it was not until the court had decided to inculpate defendant Mobil, and exculpate defendant garage operator, that defendant Mobil alone stipulated with plaintiff as to the amount of damages "without prejudice to any question of liability * * * which may be determined upon an appeal". Accordingly, there has as yet been no adjudication of damage as to defendant garage operator and we are thus constrained to remand for trial, to be limited to assessment of damages only, as to defendant garage operator unless that defendant shall, at or prior to such trial, enter into an appropriate stipulation with plaintiff as to the amount of damages.

As to the operator's claim over, not only was there no violation, as has been said, of duty owed by Mobil, but, indeed the contract reads specifically to the opposite effect in a classic "hold harmless" clause applicable to the described situation. Nor was there any causative negligence on Mobil's part. Judg-

ment dismissing the claim over is therefore also in order and should be directed accordingly.

The judgment entered November 15, 1967, in favor of plaintiff against defendant Mobil for $13,211.97 and the judgment in favor of defendant garage operator dismissing the complaint should both be reversed on the law and on the facts and judgment directed in favor of defendant Mobil dismissing the complaint and in favor of defendant Mobil dismissing the cross claim against that defendant by defendant garage operator, with one bill of costs and disbursements to defendant Mobil against both plaintiff and defendant garage operator, and the cause should be remanded for assessment of damages only, as to defendant garage operator, Sixty East 88th Street Corp., unless such defendant shall stipulate as to the appropriate amount of damage, judgment upon such assessment to be with costs, and to include costs and disbursements on this appeal.

McGIVERN, J. (concurring and dissenting in part). I would go further than the majority and affirm the holding of the Trial Justice to the effect that the defendant Socony Mobil Oil Company, Inc. is also liable. Mobil was no stranger to conditions on the premises. Mobil had a history of past repairs. It knew of the dangerously volatile properties of gas, had ample notice of the defective condition of the pipe, and in the present crisis indicated it would remedy the defect and did in fact set in motion partial performance. By so doing, I think it a fair conclusion the garage was reasonably led to believe Mobil would take care of an inherently dangerous condition, the potential harm of which was patent. But its steps were abortive. Its failure to follow through was a concurrent act of negligence. In my view, the garage owner, and indeed the public, were within the range of apprehension of Mobil's concurrent negligence, and the Trial Justice's decision that Mobil was responsible was correct and should not be disturbed.

McNALLY and STEUER, JJ., concur with MARKEWICH, J.; McGIVERN, J., dissents in part and concurs in part, in opinion in which CAPOZZOLI, J. P., concurs.

Judgment in favor of plaintiff against defendant Mobil for $13,211.97 and in favor of defendant garage operator dismissing the complaint reversed, on the law and on the facts, and judgment directed in favor of defendant Mobil dismissing the complaint and in favor of defendant Mobil dismissing the cross claim against defendant Mobil by defendant garage operator, with one bill of $50 costs and disbursements to defendant Mobil against both plaintiff and defendant garage operator, and the

cause remanded for assessment of damages only, as to defendant garage operator, Sixty East 88th Street Corp., unless defendant garage operator shall stipulate as to the appropriate amount of damage, judgment upon such assessment to be with costs, and to include costs and disbursements of this appeal. Settle order on notice.