James V. McLEAN et al.,
Plaintiffs-Appellees,

v.

L.P.W. REALTY CORP. et al.,
Defendants-Appellees.

GULF OIL CORPORATION, Defendant and Third-Party Plaintiff-Appellee,

v.

BEAMAN CORPORATION,
Third-Party
Defendant-Appellant,

UNITED PORCELAIN CO., INC.,
Third-Party Defendant-Appellee.

No. 215, Docket 74–1498.

United States Court of Appeals,
Second Circuit.

Argued Nov. 15, 1974.

Decided Dec. 19, 1974.

William F. Larkin, New York City (Coppola & D'Onofrio, New York City, on the brief), for third-party defendant-appellant, Beaman Corporation.

James M. Furey, Hempstead, N. Y. (Furey & Mooney, Hempstead, N. Y., on

the brief), for third-party plaintiff-appellee, Gulf Oil Corporation.

Irwin H. Haut, New York City (Alexander, Ash, Schwartz & Cohen, Sidney A. Schwartz, New York City, on the brief), for third-party defendant-appellee, United Porcelain Co., Inc.

Anthony J. McNulty, New York City (A. Allen Stanger, William F. McNulty, New York City, on the brief), for defendant-appellee, Joseph James, Inc.

Marvin Ausubel, New York City, for plaintiffs-appellees.

Before FRIENDLY, FEINBERG and GURFEIN, Circuit Judges.

PER CURIAM:

■ Appellant Beaman Corporation was hired by Gulf Oil Corporation to furnish and install certain improvements to a service station sublet by Gulf to station operator Joseph James, Inc. Beaman subcontracted the installation to United Porcelain Co., Inc. In June 1966, plaintiffs James V. McLean and Joseph Linfante, employees of United Porcelain, were seriously injured on the job.[1] Almost eight years later, the complicated litigation growing out of this accident was finally tried before Judge Whitman Knapp and a jury in the United States District Court for the Southern District of New York. The trial was characterized chiefly by the ingenuity of counsel in asserting a great variety of claims by the parties against each other. The upshot, for our purposes on appeal, is that plaintiffs were awarded damages of $90,-000 only from Gulf, Gulf was allowed full indemnity from Beaman on the basis of an indemnity clause in the improvement contract and United Porcelain was exonerated by a judgment notwithstanding the verdict.[2]

In briefs and in argument on appeal that equal their confusing performance in the district court, the parties raise many contentions. We briefly mention only a few, finding the rest wholly without merit. Beaman claims that there was no basis for holding it liable to Gulf under its contract. The contention is not persuasive. Margolin v. New York Life Ins. Co., 32 N.Y.2d 149, 153–154, 344 N.Y.S.2d 336, 297 N.E.2d 80 (1973); Levine v. Shell Oil Co., 28 N.Y.2d 205, 210–213, 321 N.Y.S.2d 81, 269 N.E.2d 799 (1971). In addition, the exoneration of United Porcelain was proper since the accident was not proximately caused by breach of any duty by United.

■ In the district court, Gulf unsuccessfully claimed indemnification from James under a hold-harmless clause in the station lease. In this court, Gulf and Beaman argue that the rejection of Gulf's claim was error. We doubt that Beaman has standing to raise this issue at all,[3] and Gulf's appeal has been dismissed for failure to prosecute. But in any event, the clause is unenforceable under New York General Obligations Law § 5–321 (McKinney Consol.Laws, c. 24–A, 1964).[4] Cf. Redding v. Gulf Oil Corp., 38 A.D.2d 850, 330 N.Y.S.2d 158 (2d Dep't 1972). Levine v. Shell Oil Co., supra, a case superficially similar to this one, is not to the contrary. There the applicability of section 5–321 was not raised by the parties or discussed by the court. Redding v. Gulf Oil Corp., supra, 330 N.Y.S.2d at 161. Moreover, the factual circumstances here are much more favorable to the station operator than

---

1. Ethel McLean and Susan Linfante are also plaintiffs, suing for loss of consortium.

2. The final judgment also dismissed plaintiffs' claim against James and against L.P.W. Realty Corp., owner of the property and lessor to Gulf.

3. Beaman argues that it does, because it will benefit if James must indemnify Gulf.

4. § 5–321. Agreements exempting lessors from liability for negligence void and unenforceable

Every covenant, agreement or understanding in or in connection with or collateral to any lease of real property exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor, his agents, servants or employees, in the operation or maintenance of the demised premises or the real property containing the demised premises shall be deemed to be void as against public policy and wholly unenforceable.

**1034**

they were in *Levine.* James had no practical control over the construction process. Nor had he any knowledge enabling him to recognize the danger created by the defective plans supplied by Gulf for work that was apparently supposed to be done before James took possession of the station under a one-year lease. On this issue, Beaman and Gulf urge a contrary application of the New York cases. But while the law of New York is not crystal clear at the moment, we believe that the New York courts would regard enforcement of this indemnification clause as unconscionable. Were it not for diversity jurisdiction, these defendants might have had rulings on the matter from more authoritative sources.

Judgment affirmed.