■   MARTHA HOGELAND et al., Plaintiffs, v SIBLEY, LINDSAY & CURR Co., Appellant, and the BERENSON CORPORATION, Respondent.—Judgment and order unanimously reversed with costs, cross claim dismissed and jury verdict reinstated. Memorandum: The question presented on this appeal is whether the landlord (Berenson Corporation) was entitled to contractual indemnification from its tenant (Sibley, Lindsay & Curr). In the underlying action the plaintiff (Martha Hogeland) recovered an $18,000 verdict after she tripped and fell over a negligently constructed concrete planter located in the Irondequoit Shopping Plaza, owned by Berenson, near the side entrance of Sibley's Department Store. The jury apportioned the negligence 40% to Sibley and 60% to Berenson. The trial court thereafter ruled in favor of Berenson on its cross claim, holding that under the lease between them the tenant was required to indemnify the landlord even for the latter's active negligence. We disagree. Indemnity provisions will not be construed to indemnify a party against his own negligence unless such intention is expressed in unequivocal terms. It is not necessary that the indemnity clause "contain express language referring to the negligence of the indemnitee, but merely that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement, and the surrounding facts and circumstances" *(Margolin v New York Life Ins. Co.,* 32 NY2d 149, 153; see *Levine v Shell Oil Co.,* 28 NY2d 205, 211–212). While section 1 of article IX of the lease between Berenson and Sibley appears to provide that Sibley shall indemnify Berenson even for Berenson's own active negligence, we note that section 5 of article IX, presumably inserted so as not to conflict with section 5-321 of the General Obligations Law states that "Anything in this Article to the contrary notwithstanding, *nothing in this lease shall be construed to relieve the landlord from responsibility to the Tenant for any loss* or damage *caused* the Tenant wholly or in part *by the negligent acts* or omissions *of the landlord;* except, however that the landlord shall not be responsible for such portion of such loss or damage which is recovered or recoverable by the Tenant from insurance covering such loss or damage or for such portion of such loss or damage" (emphasis supplied). We conclude that this language clearly precludes indemnity of the landlord by the tenant for the negligent acts of the landlord. Reading the indemnity article as a whole it plainly may not be construed, in any event, to express an intent to indemnify in "unequivocal terms" (see *Margolin v New York Life Ins. Co., supra; Redding v Gulf Oil Corp.,* 38 AD2d 850). Further, section 2 of article IX provides that upon written request of the landlord the tenant shall maintain liability insurance for both the tenant and the landlord. The tenant should be entitled to reimbursement for any extra premium cost on account of the inclusion of landlord as a named insured. Berenson had the burden of showing compliance with such section in order to claim its benefits. There is no proof in the record that any written request was made by Berenson for such liability insurance protection. Absent evidence that

the tenant recovered its portion of the loss from such a policy, and with no proof that there was an agreement to indemnify expressed in "unequivocal terms", no basis exists upon which to grant Berenson's cross claim for contractual indemnity. (Appeal from judgment and order of Monroe Supreme Court directing payment of contractual indemnity.) Present—Marsh, P. J., Moule, Cardamone and Mahoney, JJ.