■ ROSEMARIE A. HERMAN et al., Appellants, v JULIAN MAURICE HERMAN et al., Respondents, et al., Defendants. [988 NYS2d 137]—Appeals from orders, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 15, 2012, which granted in part and denied in part defendants J. Maurice Herman, Windsor Plaza LLC (the New York corporation), Windsor Plaza LLC (the Delaware corporation), and Mayfair York LLC's and defendant Michael Offit's motions to dismiss the complaint as against them, unanimously dismissed, without costs, as moot.

The orders entered June 15, 2012 have been superseded by an order of the same court and Justice, entered on or about February 8, 2013, which granted plaintiffs' motion to renew and, upon renewal, as plaintiffs acknowledge, reinstated virtually all of the claims previously dismissed as time-barred, including certain conspiracy claims that were previously dismissed, and granted in part plaintiffs' motion to reargue, and, upon reargument, reinstated in part the derivative causes of action (*Herman v Herman*, 2013 NY Slip Op 30366[U] [Sup Ct, NY County 2013]).

Plaintiffs' main argument on appeal is that the court erred in refusing to take allegations in the complaint as true and in deeming plaintiffs' evidentiary submissions insufficient to rebut defendants' prima facie showing that the claims arising from a 1998 transaction in which defendant Julian Maurice Herman (Maurice) is alleged to have secretly purchased plaintiff Rosemarie Herman's 50% interest in real estate at far less than fair market value, were barred by the applicable statutes of limitations. Plaintiffs are correct that the court should have credited the allegations in the complaint on this motion to dismiss pursuant to CPLR 3211 (a) (5) (*see e.g. Benn v Benn*, 82 AD3d 548 [1st Dept 2011]; *New York Tel. Co. v Mobil Oil Corp.*, 99 AD2d 185, 192 [1st Dept 1984]; *see also Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]). However, virtually all of plaintiffs' arguments have been addressed and mooted. In its subsequent order, the court, upon renewal, credited plaintiffs' new affidavit and evidence in concluding that it should have denied defendants' motions to dismiss on statute of limitations grounds, and it reinstated the claims relating to the 1998 transaction that had previously been dismissed as time-barred. The court also cited the 1998 confidentiality agreement signed by Maurice and the trustee of Rosemarie's Trusts, defendant Michael Offit, as evidence of their efforts to conceal the transaction from Rosemarie, and thus concluded that there were factual issues whether defendants were estopped to raise the statute of limitations as a defense. Thus, plaintiffs' arguments that the unavailability of the confidentiality agreement warranted denial of the motions pursuant to CPLR 3211 (d) have also been mooted.

To the extent the superseding order denied plaintiffs relief on narrow grounds, including the denial of reargument as to whether the infancy toll applies (*see* CPLR 208) and the dismissal of certain claims on grounds not addressed in the order on appeal, plaintiffs have noted their pending appeal from that order, and the parties will have a full opportunity to be heard

on those issues on that appeal. Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Kapnick, JJ.