GEORGE A. FULLER COMPANY, Plaintiff, *v.* FISCHBACH & MOORE, INC., Defendant.

First Department, December 16, 1958.

*Patrick J. Hughes* of counsel (*James B. Donovan* and *Deroy C. Thomas* with him on the brief; *William S. O'Connor*, attorney), for plaintiff.

*William F. McNulty* of counsel (*John J. Kennelly* with him on the brief; *Thomas P. Curtin*, attorney), for defendant.

STEVENS, J. This is a submission of a controversy upon a statement of agreed facts pursuant to sections 546 to 548, inclusive, of the Civil Practice Act.

The plaintiff herein as general contractor, and Columbia Pictures as owner, entered into an agreement whereby plaintiff undertook to perform certain work at premises 711 Fifth Avenue, New York City. Thereafter plaintiff entered into contracts with

various subcontractors for performance of the work called for by the contract.

On February 23, 1956 plaintiff and defendant entered into a written contract whereby defendant, as subcontractor, agreed to perform all of the electrical work connected with the alterations and improvements.

The contract contained the following provision: " The Sub-Contractor agrees to indemnify and save harmless the Owner and General Contractor against loss or expense by reason of the liability imposed by law upon the Owner or General Contractor for damage because of Bodily Injuries including death at any time resulting therefrom accidentally sustained by any person or persons or on account of damage to property arising out of or in consequence of the performance of this work whether such injuries to persons or damage to property are due or claimed to be due to any negligence of the Sub-Contractor, the Owner, the General Contractor, his or their employees or agents or any other person."

On April 23, 1956 an employee of defendant was injured at the premises while working within the scope of his employment, and while actively engaged in the work contracted for between the plaintiff and defendant. The accident was due entirely to " the active negligence of plaintiff, its agents, servants or employees ", without any fault on the part of the defendant. Neither the workman nor any employee of the defendant was working at that time on the portion of the ceiling which fell and caused the injury.

A suit subsequently brought by the injured workman was settled for $55,000, which the parties agree was a fair and reasonable amount. This sum was paid by the plaintiff, who now seeks recovery from the defendant.

The question for our determination is whether the plaintiff is entitled to reimbursement in the amount paid by reason of the above-quoted provision of the contract. Or, to express it differently, is this a provision for absolute indemnity?

The plaintiff contends the defendant is liable by reason of the language of the agreement; that as between them it is a provision for absolute indemnity.

The defendant asserts that since this is a construction contract the indemnity clause is merely an incident thereto " intended to afford  *  *  *  protection [to the general contractor] against such claims  *  *  *  as might grow out of damages to persons resulting from the prosecution of the work embraced in the general contract to be undertaken [by defendant] as subcontractor."
In support of its position it directs attention to the language

"arising out of or in consequence of the performance of this work" construing that as a limitation on the area of possible liability, contending it must refer to the doing of the electrical work.

Analysis of the language of the provision compels a rejection of this view. In our opinion the express intent was to save harmless the owner and general contractor against specific hazards, that is, "loss or expense by reason of the liability imposed by law * * * for damages for bodily injuries" accidentally sustained. The words "arising out of or in consequence of the performance of this work" cannot be given the limited construction sought because of the language which follows, to wit, "whether such injuries to persons * * * are due or claimed to be due to *any negligence* of the Sub-Contractor, the Owner, the General Contractor, his or their employees or agents or *any other person*" (emphasis supplied). The language unequivocally undertakes to indemnify the general contractor against his own negligence.

This case may be distinguished from *Thompson-Starrett Co.* v. *Otis Elevator Co.* (271 N. Y. 36) for in that case the subcontractor merely agreed to indemnify the general contractor, plaintiff's predecessor, "against all claims for damages to persons growing out of the execution of the work." The word "work" was defined in the contract as "the work, materials, matters and things required to be done and furnished by subcontractor under this contract" (p. 39). It was stipulated that the injuries for which plaintiff's predecessor paid, and for which it sought indemnity, were occasioned by its own negligence. The court in reversing a judgment for plaintiff pointed out that the injuries sustained by the workmen could not "properly be said to be injuries ' growing out of the work' within the meaning and intent of the agreement" (p. 40) and restated the general rule "that contracts will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms" (p. 41).

In the case before us there is no such definition of or restriction on the word "work". The indemnity provision, by the broadness of its language, cannot be termed a mere incident to the contract intended in its application to be limited to that part of the work undertaken by the subcontractor. In this case, as in the *Stellato* case (*Stellato* v. *Flagler Park Estates* (11 Misc 2d 413, 417, affd. 6 A D 2d 843, motion for leave to appeal denied 5 N Y 2d 708), the defendant's work brought its employees within reach of plaintiff's legal duty, which duty embraced the risks and hazards inherent in construction work, and plaintiff's

obligation to answer in damages for dereliction of duty proximately causing injury to others. Plaintiff sought here, by this agreement, to be relieved of such risk, and defendant, by undertaking to indemnify plaintiff against plaintiff's own negligence, assumed that obligation. (Cf. *Walters* v. *Rao Elec. Equipment Co.*, 289 N. Y. 57; *Dudar* v. *Milef Realty Corp.*, 258 N. Y. 415.) That such was the intent of the parties is buttressed by a reading of paragraph "*Sixteenth*" of the contract in which the area of the subcontractor's exposure for its own dereliction is rather clearly defined. To give the construction sought by the defendant would render pointless the provision quoted in full (*supra*) set forth under paragraph "*Tenth*".

The language is clear and unambiguous and must be given its ordinary meaning. Defendant undertook to indemnify plaintiff against the consequences of plaintiff's own negligence. The language "arising out of or in consequence of the performance of this work" when used in this context, refers to the scope of the employment of the person injured and the site of the occurrence. Both are met here. Moreover, the parties presumably dealt at arm's length, and the provision for indemnity is not illegal or void as against public policy.

Judgment should be directed to be entered for the plaintiff in the amount of $55,000, without costs to either party.

Breitel, J. P., M. M. Frank, Valente and McNally, JJ., concur.

Judgment is unanimously directed to be entered for the plaintiff in the amount of $55,000, without costs to either party.