■ JAMES DILLON et al., Plaintiffs, v. RIVERSO CONSTRUCTION CO., INC., Defendant and Third-Party Plaintiff-Appellant. EASTERN IRON WORKS CORPORATION, Third-Party Defendant-Respondent.— In a negligence action to recover damages for personal injuries, the defendant third-party plaintiff appeals from a judgment of the Supreme Court, Kings County, entered August 19, 1971, which dismissed the third-party complaint, after a nonjury trial of the third-party action. Judgment reversed, on the law, with costs, and judgment directed to be entered in favor of Riverso Construction Co., Inc., upon its third-party complaint, against Eastern Iron Works Corporation. No questions of fact were presented. In May, 1968, appellant, Riverso Construction Co., Inc., entered into an agreement with Olim Realty Corporation to construct a second-floor penthouse addition to a building. Thereafter, Riverso, as the general contractor, entered into a written agreement with respondent, Eastern Iron Works Corporation, whereunder Eastern undertook to perform structural steel work required by the Riverso-Olim agreement. The Riverso-Eastern contract contained an indemnity agreement pursuant to which Eastern assumed " entire * * * liability for any and all * * * injury * * * caused by, resulting from, arising out of or occurring in connection with the execution of its work hereunder * * * if any person shall make a claim for any damage or injury * * * as hereinabove. described, whether such claim be based upon * * * [Olim's] and * * * [Riverso's] alleged active or passive negligence * * *, [and] to indemnify and save harmless * * * [Olim] and * * * [Riverso] from and against such claim and all loss, expense, damage or injury that * * * [Olim] and * * * [Riverso] may sustain as a result of any such claim." In October, 1968, plaintiff James Dillon,

an employee of Eastern, was injured while engaged in the performance of Eastern's work under its agreement with Riverso. In their complaint against Riverso, plaintiffs alleged that, in consequence of Riverso's negligence, plaintiff James Dillon "was caused to step upon, walk into and slip on certain roofing, tar, cement, jelly, and/or grease, causing him to fall and be catapulted below and to sustain serious and severe injuries." Upon the settlement and discontinuance of plaintiffs' action against Riverso, Riverso and Eastern consented to Trial Term's determination of Riverso's third-party contractual indemnity claim against Eastern upon Trial Term's construction of the above indemnity provision, and upon the depositions before trial and an agreed statement of facts which stated that Eastern was not guilty of the acts of negligence alleged by plaintiffs and, in substance, conceded that plaintiff James Dillon's fall was caused by caulking material placed on the roof by Riverso. In our opinion, judgment upon Riverso's third-party contractual indemnity claim should have been rendered against Eastern, for, notwithstanding Riverso's active negligence, the injuries suffered by plaintiff James Dillon were injuries "arising out of or occurring in connection with the execution of * * * [Eastern's] work" (*Levine* v. *Shell Oil Co.*, 28 N Y 2d 205; *Stellato* v. *Flagler Park Estates*, 6 A D 2d 843; *Fuller Co.* v. *Fischbach & Moore*, 7 A D 2d 33; *Turner Constr. Co.* v. *Belmont Iron Works*, 158 F. Supp. 309; *Smoke* v. *Turner Constr. Co.*, 54 F. Supp. 369; *Kokusai Kisen Kabushiki Kaisha* v. *Columbia Stevedoring Co.*, 23 F. Supp. 403, affd. 100 F. 2d 1016; see, also, *American Agric. Chem. Co.* v. *Tampa Armature Works*, 315 F. 2d 856; *Aluminum Co. of Amer.* v. *Hully*, 200 F. 2d 257). Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.