**Arnold SIMON and Estelle Simon, Plaintiffs,**

v.

**CORBETTA CONSTRUCTION CO., INC., Defendant.**

**CORBETTA CONSTRUCTION CO., INC., Third-Party Plaintiff,**

v.

**HERMAN H. SCHWARTZ, INC., Third-Party Defendant.**

No. 72 Civ. 209.

United States District Court, S. D. New York.

Jan. 29, 1975.

Harry H. Lipsig, New York City, for plaintiffs; Joseph B. Castleman, New York City, of counsel.

Dwyer & Duffy, New York City, for defendant and third-party plaintiff; Charles P. Duffy, New York City, of counsel.

Benjamin E. Gelerman, Brooklyn, N. Y., for third-party defendant; Martin Kahn, Brooklyn, N. Y., of counsel.

## OPINION

BONSAL, District Judge.

Plaintiff, an employee of Herman H. Schwartz, Inc. ("Schwartz"), sued Corbetta Construction Co., Inc. ("Corbetta") for damages arising from personal injuries he sustained when he fell from a scaffold erected by Corbetta, while working within the scope of his employment in performance of Schwartz's contract with Corbetta. Corbetta instituted a third-party action against Schwartz. Plaintiff's action against Corbetta was settled during trial, and the Court reserved for decision the third-party action to determine whether the indemnity clause in the contract between Corbetta and Schwartz dated March 25, 1968 required Schwartz to indemnify Corbetta for the settlement made with the plaintiff.

The indemnity clause in the contract provides, to the extent here relevant:

"The Sub-Contractor [Schwartz] agrees to indemnify and save harmless the . . . General Contractor [Corbetta] against loss or expense by reason of the liability imposed by law upon the . . . General Contractor *for damages* because of *Bodily Injuries* . . . accidentally sustained by any person . . . arising out of or in consequence of the performance of this work, whether or not such injuries to person . . . are due or claimed to be due to any negligence, active or passive, of the . . . General Contractor, his . . . employees or agents . . . . "

The evidence establishes that plaintiff's injury was due to a faulty scaffold erected by Corbetta and that no negligence was attributable either to plaintiff or to Schwartz.

In *this diversity action, the law of* New York, where the accident occurred, is applicable. Schwartz contends that the above-quoted indemnity provision violates section 5–321 of the New York General Obligations Law (McKinney's Consol.Laws, c. 24–A, 1964) and is otherwise unconscionable and void as against New York public policy.

█ Section 5–321 of the General Obligations Law *by its terms applies to* agreements in connection with leases of real property and therefore is not applicable to the present case. *Cf.* Redding v. Gulf Oil Corp., 38 A.D.2d 850, 330 N. Y.S.2d 158 (App.Div. 2d Dept.1972).

█ Contractual provisions which *express a clear and unmistakable intent* to indemnify a party against his own negligence are enforceable under New York law. *See* Levine v. Shell Oil Co., 28 N.Y.2d 205, 321 N.Y.S.2d 81, 269 N. E.2d 799 (1971); Dillon v. Riverso Construction Co., 39 A.D.2d 744, 332 N.Y.S. 2d 432 (App.Div. 2d Dept.1972), aff'd, 33 N.Y.2d 530, 347 N.Y.S.2d 434, 301 N. E.2d 422 (1973); Jordan v. City of New York, 3 A.D.2d 507, 162 N.Y.S.2d 145 (App.Div. 1st Dept.1957), aff'd, 5 N.Y. 2d 723, 177 N.Y.S.2d 709, 152 N.E.2d 667 (1958). Such an intent is clearly expressed by the language of the contractual provision here involved. Indeed, a virtually identical provision was enforced by the Court in George A. Fuller Co. v. Fischbach & Moore, Inc., 7 A. D.2d 33, 180 N.Y.S.2d 589 (App.Div. 1st Dept.1958), motion for leave to appeal denied, 6 N.Y.2d 705, 187 N.Y.S.2d 1025, 159 N.E.2d 355 (1959), in a parallel factual context. The Court held that "[t]he language unequivocally undertakes to indemnify the General Contractor against his own negligence," 7 A.D. 2d at 35, 180 N.Y.S.2d at 591, and that "the provision for indemnity is not illegal or void as against public policy." 7 A.D.2d at 36, 180 N.Y.S.2d at 593.

While there is something to be said for Schwartz's argument that to hold it liable under the circumstances here involved is unconscionable, this Court is bound by the New York decisions. Accordingly, judgment may be entered in favor of Corbetta against Schwartz for *indemnity in the amount paid to plaintiff.*

Settle judgment on notice.