OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
When the members of the law partnership decided to continue their practice in the professional corporation form, they agreed, in a shareholders’ agreement dated June 16, 1975, that in the event of termination of employment the shares of the withdrawing shareholder would be transferred to the corporation and, in paragraph 4(b) thereof, that the parties would “cause the then accountant for the Corporation to value the shares involved and his evaluation shall be binding upon all parties as to the price to be paid therefor. The final Shareholders Agreement shall contain explicit directions for the method of the evaluation of the stock”. No final shareholders’ agreement was thereafter executed. When on September 23, 1977 plaintiff tendered his resignation he agreed to sell his “shares of stock to the corporation in the manner provided in the Shareholders Agreement dated June 16, 1975”.
The two sentences of paragraph 4(b) must be read together. As written they constitute no more than an agree *978 ment that the corporation’s accountant would value the shares in accordance with the explicit directions to be agreed on by the parties in a subsequent agreement; in substance this is no more than an agreement to agree. The parties did not agree, as appellants would have it, that the shares should be valued by the accountant in accordance with accepted accounting principles or as he otherwise professionally saw fit in the event of the inability or, as proved to be the case, the failure of the parties to reach agreement with respect to the explicit directions for the method of valuation.* On September 23, 1977 when he left plaintiff merely agreed to carry forward the terms of the 1977 agreement including this inoperative provision.
In the absence of an enforceable agreement to the contrary it was not error, therefore, for the court to direct that plaintiff’s 32 shares, constituting 16% of the shares outstanding, be valued on the basis of a 16% interest in the net assets of the corporation including its accounts receivable, irrespective of what accounting method had been employed by the corporation in the maintenance of its own operating accounts. Moreover, inasmuch as the immediate progenitor of this professional corporation was a law partnership it was not unreasonable for the lower courts here to have concluded that, in the absence of statutory provision or agreement of the parties, the pattern of valuation of participating interests applicable to the partnership should be carried forward when the enterprise took on a corporate form (cf. Jackson v Hunt, Hill & Betts, 7 NY2d 180; Matter of Lester (Berman), 61 AD2d 935).

 We fail to comprehend how the terminal provision of paragraph 5, relied on in the dissent, can be said to breathe vitality into the inchoate provisions of paragraph 4(b).