OPINION OF THE COURT
Memorandum.
The judgment appealed from and the order brought up for review should be affirmed, with costs.
In this proceeding to obtain the judicial dissolution of the S & S Carting Co., Inc., a refuse collection company, petitioner, as executrix of the estate of her late husband, has moved for enforcement of a stipulation of settlement of the proceeding. Petitioner’s husband was the owner of one half of the stock of S & S, and the stipulation essentially gives the estate a one-half interest in the company. This interest was to be realized through the sale of some of the refuse collection routes of S & S and by the payment by respondents to petitioner of one half of the book value of the assets of S & S other than the collection routes and appurtenant equipment.
*960 Under paragraph 2 of the stipulation, the estate was allowed to sell three of the five “formal” refuse collection routes of S & S, as well as “rolloff” work which was “subsidiary” to these three formal routes and 50% of the remaining “contract” and “spot” rolloffs, as measured by monthly collections. The estate sold the three formal routes as well as the rolloff work denoted as route seven on the S & S books, which was subsidiary to one of the three formal routes. Collection routes six and eight, which also were comprised of rolloff work, went unsold.
Under paragraph 4 (b) (ii) of the stipulation, the value of the unsold routes and rolloffs would be determined “by assuming all routes and all rolloffs of S & S have the same market value as compared to * * * those sold”. Thus, the parties do not dispute that the value of the two formal routes not sold should be based upon the price paid for the three formal routes which were sold. There is also no dispute that the negotiated price for route seven should be used to establish the value of route six, as both are rolloff routes which are subsidiary to a formal route. There is a question, however, as to whether the sale price of route seven should be used to establish the value of route eight, which is comprised of contract and spot rolloff work.
The respondents contend that because paragraph 2 of the stipulation distinguishes between subsidiary rolloff work and contract and spot rolloff work, the value of route seven cannot be used to determine the value of route eight. Under respondent’s interpretation of the stipulation, because no portion of route eight was sold the route has to be given no value. As noted by the Appellate Division however the purpose behind the distinction in paragraph 2 of the stipulation was to enable the estate to sell the subsidiary rolloffs in the most commercially attractive manner by permitting the sale of an entire subsidiary rolloff route in conjunction with the formal route with which it was connected. Significantly, paragraph 4 (b) (ii), which sets forth the valuation formula, does distinguish between formal routes and rolloff work but, as stated by the Appellate Division, “[mjarkedly absent is any provision for a further breakdown of price according to types of rolloff” (96 AD2d, at p 1059). We agree with the Appellate Division that the *961 import of this absence is that no differentiation was intended among the rolloffs.
The other issue raised on this appeal is whether the payment by respondents to the estate of one half of the remaining net asset value of S & S is to be made in one lump sum or instead in intervals over a five-year period. We agree with the lower courts that the words “shall pay” in paragraph 4 (b) (i) of the stipulation were intended to require a lump-sum payment, particularly when contrasted with the language in the stipulation which states that the payment of the amount by which one half of the value of all the routes exceeded the value of the routes sold was to be made on the same “terms and conditions” as the terms received for the sold routes. Respondents argue that the stipulation should be read as incorporating the payment provision of a 1956 stockholders agreement between petitioner’s testator and respondent Dominick Salzano, citing Lewis v Vladeck, Elias, Vladeck, Zimny & Engelhard (57 NY2d 975). Unlike in Lewis, however, the two agreements here are for different purposes and are not between identical parties and it would be inappropriate to rely on the 1956 agreement to interpret the stipulation.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Simons and Kaye concur; Judge Meyer taking no part.
Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.