■ AARON J. ROSEN et al., Plaintiffs, v NEW YORK CITY TRANSIT AUTHORITY, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants, et al., Third-Party Plaintiff. NAB CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [742 NYS2d 825] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered March 16, 2001, which, in an action by a pedestrian hit by a car for personal injuries allegedly caused by the negligent design and construction of a pedestrian walkway at a construction site, and a third-party action by the site owner, New York City Transit Authority, against the contractor, NAB Construction Corporation, for contractual indemnification, denied the Transit Authority's motion pursuant to CPLR 4401 for judgment against NAB in the amount of its attorneys' fees and other litigation costs, unanimously affirmed, without costs.

The site owner is not entitled to contractual indemnification against the contractor since the contractor's liability is limited by article 6.02 of the parties' contract to "such injuries" as occur "on account of, or in connection with, the performance of the Work," and here it has been found, in the context of a judgment notwithstanding verdict, that the accident was not in any manner caused by the contractor's "work," i.e., the walkway. Appellant Transit Authority's reliance upon *Brown v Two Exch. Plaza* (76 NY2d 172) is misplaced since in that case the injury clearly arose out of the work (*id.* at 178; *compare, DiPerna v American Broadcasting Cos.*, 200 AD2d 267, 269 [contractor liable to indemnify site owner, notwithstanding finding of no liability in contractor's favor in the main action, under contract calling for indemnification of liabilities "claimed" to arise out of or be connected with any accidents "alleged" to have happened in or about the place where the contractor was performing work]). Likewise, the indemnification provision of article 6.0, which requires NAB to indemnify the Transit Authority regardless of the cause of the accident, is limited by its terms to "claims and expenses, including but not limited to attorneys fees, on account of such injuries," i.e., those injuries previously

defined in article 6.02 as "occurring on account of, or in connection with, the performance of the Work." Concur—Williams, P.J., Tom, Mazzarelli, Andrias and Friedman, JJ.