■ CHARLES J. ZANGHI, Plaintiff, v LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO et al., Defendants. BAKER HEAVY & HIGHWAY, INC., Third-Party Plaintiff-Respondent, v LEONE CONSTRUCTION, INC., Third-Party Defendant-Appellant. [801 NYS2d 646]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered February 27, 2004. The order denied the motion of third-party defendant for summary judgment dismissing the third-party complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the third-party complaint is dismissed.

Memorandum: Supreme Court erred in denying the motion of third-party defendant, Leone Construction, Inc. (Leone), for summary judgment dismissing the cause of action for contractual indemnification in the third-party complaint of Baker Heavy & Highway, Inc. (Baker). In a prior appeal, this Court determined, inter alia, that Supreme Court erred in denying the motion of Baker for summary judgment dismissing the complaint against it. With respect to the cause of action based on respondeat superior, we concluded that defendant Jerome Piniewski, Baker's employee, was not acting in furtherance of Baker's business and in the scope of his employment when he assaulted plaintiff, Leone's employee (*Zanghi v Laborers' Intl. Union of N. Am., AFL-CIO*, 8 AD3d 1033 [2004], *lv denied* 4 NY3d 703 [2005]). Baker was the general contractor on the construction project, and Leone was a subcontractor, and it is undisputed that the assault occurred when plaintiff abandoned his work station on a manlift and accosted and attempted to punch Piniewski. Piniewski punched plaintiff to the ground and then repeatedly kicked him, causing injuries. With respect to the remaining causes of action against Baker for negligent hiring, retention and supervision of Piniewski and for negligence, we determined that Baker, inter alia, could be held liable for the conduct of Piniewski only if Baker knew or should have known of his alleged violent propensities, and that those propensities must be for the type of behavior that caused plaintiff's harm. We concluded, inter alia, that Baker "neither knew nor had reason to know of Piniewski's alleged violent propensities for the type of behavior that caused plaintiff's harm" (*id.* at 1034).

We note that, although the third-party complaint contains causes of action for both contractual indemnification and contribution, the latter cause of action is now moot (*see* CPLR 1402; *see also Klinger v Dudley*, 41 NY2d 362, 369 [1977]), and thus the motion of Leone for summary judgment dismissing the third-party complaint addresses only the cause of action for

contractual indemnification. That cause of action is predicated on provisions of the subcontract between Leone and Baker obligating Leone to defend and indemnify Baker against any claim for personal injury or property damage "caused by, resulting from, arising out of or occurring in connection with the execution of [Leone's] [w]ork."

We further note that, contrary to Leone's contention, Baker is not precluded by the doctrine of judicial estoppel from asserting that plaintiff's injuries occurred in connection with the execution of the work because we previously determined that Piniewski was acting outside the scope of his employment when he assaulted plaintiff. Judicial estoppel may be invoked to prevent a party from "inequitably adopting a position directly contrary to or inconsistent with an earlier assumed position in the same proceeding" (*Maas v Cornell Univ.*, 253 AD2d 1, 5 [1999], *affd* 94 NY2d 87 [1999]). Here, however, the prior contention of Baker that Piniewski was acting outside the scope of his employment and its present contention that plaintiff's injuries arose out of or were connected with the execution of Leone's subcontract work are not inherently contradictory or inconsistent.

We agree with Leone, however, that it owes no contractual duty to indemnify Baker. "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]). Further, the language of an indemnity agreement "should not be extended to include damages which are neither expressly within its terms nor of such character that it is reasonable to infer that they were intended to be covered under the contract" (*Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp.*, 107 AD2d 450, 453 [1985], *affd* 65 NY2d 1038 *for reasons stated below* [1985]). The First Department, enforcing a similar construction project indemnification clause where a subcontractor's employee was injured while acting in the scope of his employment, noted that the work of the subcontractor "brought its employees within reach of [the general contractor's] legal duty, which duty embraced the risks and hazards inherent in construction work . . . . The language 'arising out of or in consequence of the performance of this work' when used in this context, refers to the scope of the employment of the person injured and the site of the occurrence" (*George A. Fuller Co. v Fischbach & Moore*, 7 AD2d 33, 35-36 [1958], *lv denied* 6 NY2d 705 [1959]).

Here, plaintiff was not acting within the scope of his employ-

ment when he initiated the physical confrontation with Piniewski, and no contractual duty to indemnify under such circumstances is either expressly imposed or reasonably to be inferred (*see Rosen v New York City Tr. Auth.*, 295 AD2d 126, 126-127 [2002]; *Niagara Frontier Transp. Auth.*, 107 AD2d at 452-453; *George A. Fuller Co.*, 7 AD2d at 35-36).

Finally, we reject the contention of Baker that it is entitled to recover on its cause of action for contractual indemnification if it establishes at trial that Leone negligently supervised plaintiff. That contention is relevant only with respect to the cause of action for contribution, which as previously noted is now moot, and has no bearing on the sole remaining cause of action for contractual indemnification. Present—Hurlbutt, J.P., Scudder, Smith, Pine and Hayes, JJ.