■ THOMAS M. SULLIVAN, Appellant, v TROSER MANAGEMENT, INC., Respondent. [824 NYS2d 828]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered February 3, 2006. The order, among other things, granted in part defendant's cross motion for partial summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by denying that part of the cross motion for partial summary judgment determining the repurchase price of the subject stock and as modified the order is affirmed without costs.

Memorandum: In an action to compel defendant, Troser Management, Inc., to issue shares of its stock to plaintiff and to repurchase that stock in accordance with an agreement of the parties, plaintiff appeals from an order that, inter alia, directed defendant to repurchase the subject stock for $109,923. In 1986, the parties entered into an agreement wherein plaintiff, a key employee of defendant, would be issued shares of stock equaling 18% of the equity in defendant, provided that he remain in defendant's employ until 1991. A contemporaneous buy-sell agreement provided that defendant could repurchase the stock if, among other things, plaintiff thereafter ceased to be employed by defendant. The buy-sell agreement further provided that "[t]he Purchase Price of a share of stock shall be an amount agreed upon annually by the Stockholders as set forth on the attached Schedule A," or the last agreed upon value, increased or decreased by reference to the company's book value if there was no agreed upon value within the preceding two years. The parties agree that no "Schedule A" was attached.

We agree with plaintiff that Supreme Court erred in granting that part of the cross motion of defendant for partial summary judgment determining the repurchase price of his stock, and we therefore modify the order accordingly. Defendant contended, and the court agreed, that, pursuant to the buy-sell agreement, the value of its stock was to be determined by prorating the value of its parent corporation among the parent corporation's three subsidiaries. Defendant, as the party cross-moving for

partial summary judgment, bore the burden of establishing that its interpretation of the buy-sell agreement is the only construction that can fairly be placed upon it (*see Gross, Shuman, Brizdle & Gilfillan v Bayger*, 256 AD2d 1187 [1998]; *St. Mary v Paul Smith's Coll. of Arts & Sciences*, 247 AD2d 859 [1998]). The construction of the buy-sell agreement proposed by plaintiff, that the stock's value must be determined by the stockholders of defendant, not the owners of the parent corporation, is not unreasonable, and therefore defendant failed to meet its initial burden. Furthermore, even assuming, arguendo, that defendant met its burden, we conclude that plaintiff raised a triable issue of fact by submitting a November 17, 1999 letter from defendant's attorney to plaintiff, in which defendant used a different method to determine the value of its stock (*see generally Cook v Presbyterian Homes of W. N.Y.*, 234 AD2d 906 [1996]; *Wilson v Haagen-Dazs Co.*, 215 AD2d 338 [1995], *lv dismissed* 86 NY2d 838 [1995]).

We have considered plaintiff's remaining contentions and conclude that they are without merit. Present—Gorski, J.P., Smith, Centra and Green, JJ.