■ THOMAS M. SULLIVAN, Appellant, v TROSER MANAGEMENT, INC., Respondent. (Appeal No. 1.) [904 NYS2d 624]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered January 29, 2009. The order granted defendant's motion to strike plaintiff's demand for a jury trial and denied plaintiff's cross motion for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the cross motion and as modified the order is affirmed without costs.

Memorandum: Plaintiff, defendant's former director of sales for the operation of a ski resort, commenced this action seeking, inter alia, an 18% equity interest in defendant corporation. Defendant thereafter issued to plaintiff 18% of its shares of stock, and the dispute now relates to the value of that stock under the parties' "buy-sell" agreement (agreement). According to plaintiff, the purchase price provision of the agreement is unenforceable, and the value of plaintiff's stock should therefore be determined pursuant to the formula set forth in *Lewis v Vladeck, Elias, Vladeck, Zimny & Engelhard* (57 NY2d 975 [1982]), i.e., based on a percentage interest in defendant's assets. According to defendant, however, this Court in a prior appeal has already decided that the agreement is enforceable (*Sullivan v Troser Mgt., Inc.*, 34 AD3d 1233 [2006]) and that an issue of fact exists with respect to the method of determining the value of plaintiff's stock.

As a preliminary matter, we conclude that Supreme Court properly granted defendant's motion to strike plaintiff's demand for a jury trial inasmuch as the amended complaint asserts causes of action seeking equitable relief. It is well settled that plaintiff's "deliberate joinder of claims for legal and equitable relief arising out of the same transaction amounts to a waiver of the right to demand a jury trial" (*Hebranko v Bioline Labs.*, 149 AD2d 567, 567 [1989]; *see Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 481 [2009]; *Chichilnisky v Trustees of Columbia Univ. in City of N.Y.*, 52 AD3d 206 [2008]). The right to a jury trial is not revived upon withdrawal or dismissal of the equitable relief sought (*see Willis Re Inc. v Hudson*, 29 AD3d 489 [2006]). Plaintiff's reliance on *Arrow Communication Labs. v Pico Prods.* (219 AD2d 859 [1995]) is misplaced. The complaint in that case sought monetary damages, and only a sum of money could provide full relief to the plaintiff therein. In this case, by contrast, the amended complaint does not request a money judgment. Although both parties have asked the court to determine the price of plaintiff's shares, the agreement does not compel defendant to purchase those shares. Rather, pursuant to the terms of the agreement, defendant has the "absolute option" of purchasing the shares, and plaintiff is thus entitled to monetary relief only in the event that defendant elects to exercise that option.

We further conclude, however, that the court erred in denying the cross motion of plaintiff for partial summary judgment seek-

ing an order determining that his shares "be valued on the basis of his percentage interest in Defendant's assets" in the event that defendant exercises its option to purchase his shares, and we therefore modify the order accordingly. The "Purchase Price" provision of the agreement expressly states that the price of the shares of stock shall be "an amount agreed upon annually by the Stockholders as set forth on the attached Schedule A." It is undisputed that no Schedule A exists. That provision further states that, "[i]n the event that no annual value is established, the value shall be the last agreed upon value except that if no such agreed upon value is established for a period of two years, the value shall be the last agreed upon value increased or decreased by reference to an increase or decrease in book value of [defendant] from the date of the last agreed upon value to the date of death or disability" of the stockholder seeking to sell his or her shares.

Plaintiff met his initial burden on his cross motion by establishing as a matter of law that the stockholders have never agreed upon a value of the stock, and that the purchase price of his shares therefore cannot be ascertained in accordance with the terms of the agreement, and defendant failed to raise an issue of fact to defeat the cross motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The fact that defendant submitted evidence that the value of the stock had been determined at other times is of no moment inasmuch as plaintiff was not a party to any of those transactions. In accordance with the terms of the "Purchase Price" provision of the agreement, the value of the stock is that "agreed upon annually by the Stockholders," and plaintiff is identified in the preamble of the agreement as a "Stockholder." Indeed, there is no evidence in the record that plaintiff has ever agreed upon a value of the stock.

Finally, there is no merit to the contention of defendant that our decision in the prior appeal compels a ruling in its favor on the valuation issue. We previously held that defendant failed to meet its initial burden of demonstrating "that its interpretation of the . . . agreement [was] the only construction that [could] fairly be placed upon it" and that, in any event, plaintiff raised an issue of fact whether a different method of valuation was plausible (*Sullivan*, 34 AD3d at 1235). The fact that we held that plaintiff raised an issue of fact with respect to defendant's interpretation of the agreement does not compel the conclusion that there are issues of fact with respect to plaintiff's proposed method of valuation. Present—Scudder, P.J., Peradotto, Lindley and Sconiers, JJ.