*1481 Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered January 19, 2011 in a medical malpractice action. The order, inter alia, granted those parts of the motion of defendants Liang Bartkowiak, M.D. and Kaleida Health, doing business as Children’s Hospital of Buffalo, also known as Woman’s and Children’s Hospital of Buffalo, also known as Kaleida Health, Inc. to dismiss plaintiffs’ complaint against them with the exception of two claims within the negligence causes of action.
It is hereby ordered that the order so appealed from is modified as a matter of discretion in the interest of justice by granting in its entirety that part of the motion seeking dismissal of the complaint with the exception of the allegation specified in the decision of this Court in Lorenzo v Kahn (74 AD3d 1711 [2010]) and as modified the order is affirmed without costs.
Memorandum: Plaintiff parents commenced a medical malpractice action on their own behalf based on complications that arose during the delivery of their child, Hunter. Plaintiff mother asserted that she had sustained various physical injuries as a result of the complications, while plaintiff father asserted a cause of action that was derivative in nature. As relevant to the appeals now before us, the Hospital defendants, i.e., defendant Kaleida Health, doing business as Children’s Hospital of Buffalo, also known as Woman’s and Children’s Hospital of Buffalo, also known as Kaleida Health, Inc. and defendant Liang Bartkowiak, M.D., a medical resident at Kaleida Health, moved for summary judgment dismissing the complaint against them. Supreme Court denied the motion, and on appeal we modified the order by granting the motion in part (Lorenzo v Kahn, 74 AD3d 1711, 1711-1712 [2010]).
Before that appeal was decided, plaintiffs commenced the instant medical malpractice action against the same defendants, this time as parents and natural guardians of Hunter (hereafter, Hunter Lorenzo action). Plaintiffs moved to consolidate the two actions, and plaintiffs’ counsel asserted in support of the motion that the parties and the attorneys were identical in both actions, and that the “allegations stem from the same causes of action” and involve “common questions of law and fact[ ].” Plaintiffs’ counsel further asserted that the bills of particulars in both actions were “virtually identical, especially with regard to the allegations of the negligence against the defendants. Therefore, both cases essentially rely on the same questions of law and facts.” Additionally, plaintiffs’ counsel asserted that plaintiffs should “have no need to take further depositions of the defendant parties or the nurses” because the allegations of *1482 negligence were “virtually identical.” The court granted the motion to consolidate in February 2009, but that decision apparently was never reduced to an order.
The Hospital defendants thereafter moved for leave to amend their answers in the Hunter Lorenzo action to include the affirmative defenses of collateral estoppel, res judicata and law of the case. They also moved to dismiss the complaint in the Hunter Lorenzo action against them with the exception of, in accordance with our decision in the prior appeal (id.), the allegation that Dr. Bartkowiak was negligent in failing to intervene when her supervisor, defendant Kenneth R. Kahn, M.D., directed her to perform a midline episiotomy. In opposing the motion, plaintiffs submitted an additional supplement to the bill of particulars in that action, wherein they alleged that the Hospital defendants were negligent “in failing to inform Dr. Kahn that there were some possible troubling issues with the fetal monitoring strip; failing to advise Dr. Kahn of the baby’s position, crowning and molding; and failing to keep Dr. Kahn apprised of any other facts over an approximate twenty-four hour period” (additional allegations). By the order in appeal No. 1, the court granted those parts of the motion for leave to amend the answers to include, inter alia, the affirmative defense of collateral estoppel and for dismissal of the complaint against the Hospital defendants with two exceptions within the negligence causes of action, i.e., the one set forth in the prior decision of this Court and the additional allegations. We note that the court also granted the motion to the extent that it sought dismissal of the derivative cause of action, and plaintiffs have not taken a cross-appeal from that part of the order.
Subsequently, Dr. Kahn and defendant University Gynecologists & Obstetricians, Inc. (collectively, UGO defendants) moved to compel plaintiffs to appear for depositions, and the Hospital defendants cross-moved for an order striking plaintiffs’ additional supplement to the bill of particulars on the ground that judicial estoppel prevented plaintiffs from adding new claims. Alternatively, they sought the relief sought by the UGO defendants. By the order in appeal No. 2, the court, inter alia, denied the cross motion to the extent that it sought to strike plaintiffs’ additional supplement to the bill of particulars.
Addressing first the order in appeal No. 2, we conclude that the court erred in denying the cross motion with respect to the additional supplement to the bill of particulars. “Judicial estoppel may be invoked to prevent a party from ‘inequitably adopting a position directly contrary to or inconsistent with an earlier assumed position in the same proceeding’ ” (Zanghi v Laborers’ *1483 Intl. Union of N. Am., AFL-CIO, 21 AD3d 1370, 1372 [2005]), where the party had prevailed with respect to the earlier position (see Zedner v United States, 547 US 489, 504 [2006]). Here, judicial estoppel applies because the position taken by plaintiffs in opposition to the cross motion in the Hunter Lorenzo action is “ ‘directly contrary to or inconsistent with’ ” the earlier position they assumed in their motion to consolidate the two actions (Zanghi, 21 AD3d at 1372), and they prevailed with respect to that position. Plaintiffs contend that, although there was a prior judicial ruling in their favor on the motion to consolidate, that ruling was never reduced to an order, and they therefore did not prevail. We reject that contention. We also cannot agree with the position of the dissent that plaintiffs did not prevail on their motion because the actions have not in fact been consolidated. Rather, judicial estoppel applies because plaintiffs prevailed on their motion to consolidate when the motion was granted in open court (cf. Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588 [2011]). In our view, an order is not necessary for the invocation of judicial estoppel by the Hospital defendants.
In view of our decision in appeal No. 2, we conclude in appeal No. 1 that the Hospital defendants are entitled to the full relief sought in that part of their motion seeking dismissal of the complaint in the Hunter Lorenzo action against them with the exception of the allegation that Dr. Bartkowiak was negligent in failing to intervene when her supervisor, defendant Dr. Kenneth R. Kahn, directed her to perform a midline episiotomy. We therefore modify the order in appeal No. 1 accordingly.
All concur except Peradotto and Garni, JJ., who dissent and vote to affirm in the following memorandum.