# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1318

CA 14-00822

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THOMAS M. SULLIVAN, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

TROSER MANAGEMENT, INC., DEFENDANT-APPELLANT.

---

KAMAN, BERLOVE, MARAFIOTI, JACOBSTEIN & GOLDMAN, LLP, ROCHESTER
(RICHARD GLEN CURTIS OF COUNSEL), FOR DEFENDANT-APPELLANT.

WOODS OVIATT GILMAN LLP, ROCHESTER (WARREN B. ROSENBAUM OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Matthew
A. Rosenbaum, J.), entered January 29, 2014. The order granted the
motion of plaintiff for partial summary judgment determining that
defendant had exercised the option to purchase the stock of plaintiff
at a value to be determined after trial.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the motion is
denied.

Memorandum: Defendant appeals from an order granting plaintiff's
motion for partial summary judgment, determining that defendant has
exercised its option to purchase plaintiff's shares of stock pursuant
to the parties' Buy-Sell Agreement at whatever price is set by Supreme
Court at trial. We agree with defendant that the court erred in
granting the motion. Contrary to plaintiff's contention and the
court's determination, defendant did not unequivocally exercise its
option to purchase the stock by virtue of a letter its attorney sent
to opposing counsel on July 14, 2005. That letter reads, in relevant
part: "Pursuant to paragraph 6 of the Buy-Sell Agreement entered into
between the parties, dated November 13, 1986, [defendant] elects to
purchase the stock issued to [plaintiff] at a purchase price of
$120,615 in accordance with the formula set forth in paragraph 9 of
said Buy-Sell Agreement." Pursuant to the express language of that
letter, defendant's counsel did not make an open-ended offer to
purchase the stock at any price; rather, counsel offered to purchase
the stock at the "Purchase Price" pursuant to paragraph 9 of the Buy-
Sell Agreement. We determined in a prior appeal, however, that the
"Purchase Price" cannot be determined per the method set forth in
paragraph 9 because the parties never agreed upon the value of the
stock, which was the basis for determining the "Purchase Price"
(*Sullivan v Troser Mgt., Inc.*, 75 AD3d 1059, 1060-1061). Thus, it is

not possible for defendant to exercise its option to purchase plaintiff's stock at the "Purchase Price."  In sum, we conclude that defendant's offer to purchase the stock for $120,615 in accordance with its calculation of the "Purchase Price," which offer was rejected by plaintiff, does not constitute an unequivocal exercise of its option to purchase the stock such that defendant is obligated to purchase the stock at whatever price is set by the court at trial. For similar reasons, we further conclude that defendant is not judicially or equitably estopped from contesting plaintiff's claim that it has exercised its option to purchase the stock (*see generally Lorenzo v Kahn*, 100 AD3d 1480, 1482-1483; *Syracuse Orthopedic Specialists, P.C. v Hootnick*, 42 AD3d 890, 893).

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court