Cantey v City of New York (2020 NY Slip Op 03214)





Cantey v City of New York


2020 NY Slip Op 03214


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-11013
 (Index No. 708491/14)

[*1]Jeffrey Cantey, plaintiff-respondent,
v
City of New York, defendant third-party plaintiff-appellant, Five Star Electric Corp., defendant-respondent; Eaton Electric, Inc., third-party defendant-respondent.


Conway, Farrell, Curtin & Kelly, P.C., New York, NY (Darrell John of counsel), for defendant third-party plaintiff-appellant.
Baker Leshko Saline & Drapeau, LLP, White Plains, NY (Betsy DeSoye of counsel), for plaintiff-respondent.
Vigorito, Barker, Porter & Patterson, LLP, Valhalla, NY (Leilani Rodriguez of counsel), for defendant-respondent.
Camacho Mauro Mulholland, LLP, New York, NY (Anthony J. Buono of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), dated August 3, 2018. The order, insofar as appealed from, denied the defendant third-party plaintiff's motion to renew its opposition to the plaintiff's motion for summary judgment on the issue of liability against it, its opposition to that branch of the motion of the defendant Five Star Electric Corp. which was to preclude it from presenting any evidence on its cross claims against that defendant as a sanction for spoliation of evidence, and its opposition to that branch of the motion of the third-party defendant which was to preclude it from presenting any evidence in the third-party action as a sanction for spoliation of evidence, and granted that branch of the third-party defendant's motion which was for summary judgment dismissing the contractual indemnification cause of action in the third-party complaint.
ORDERED that the appeal from so much of the order as denied the defendant third-party plaintiff's motion to renew its opposition to the plaintiff's motion for summary judgment on the issue of liability against it, its opposition to that branch of the motion of the defendant Five Star Electric Corp. which was to preclude it from presenting any evidence on its cross claims against that defendant as a sanction for spoliation of evidence, and its opposition to that branch of the motion of the third-party defendant which was to preclude it from presenting any evidence in the third-party action as a sanction for spoliation of evidence is dismissed as academic in light of the determination on a related appeal (see Cantey v City of New York, __ AD3d __ [Appellate Division Docket No. 2017-10690; decided herewith]); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the third-party defendant, payable by the defendant third-party plaintiff.
The facts of this case are delineated in a related appeal (see Cantey v City of New York, __ AD3d __ [Appellate Division Docket No. 2017-10690; decided herewith]). The issue on the instant appeal is the Supreme Court's determination granting that branch of a motion by the third-party defendant, Eaton Electric, Inc. (hereinafter Eaton), which was for summary judgment dismissing the contractual indemnification cause of action in the third-party complaint.
The owner of the premises on which the accident occurred, the defendant third-party plaintiff the City of New York, contracted with the defendant Five Star Electric Corp. (hereinafter Five Star) to perform electric work on the site. Five Star signed a subcontract for the work with Eaton. The indemnification clause in Eaton's subcontract with Five Star stated that "[t]o the extent permitted by law," Eaton assumed liability for damages "arising out of, or resulting from the performance of this contract or occurring in connection therewith, and agrees to indemnify and save harmless [Five Star] and/or [the City] and their agents, servants and employees from and against any and all loss, expense, including legal fees and disbursements, . . . arising out of, or resulting there from, or occurring in connection therewith." Eaton's work did not involve any electrical work on the light fixture which injured the plaintiff. The City contends that Eaton was somehow responsible for the accident based upon its work in the vicinity of the light fixture, speculating that its employees may have hit the pipe to which the light fixture was attached, causing it to loosen. However, other persons and contractors had access to the light fixture, most notably the City's employees when they replaced light bulbs.
Eaton demonstrated its prima facie entitlement to judgment as a matter of law dismissing the contractual indemnification cause of action in the third-party complaint. In opposition, the City failed to raise a triable issue of fact. The mere fact that Eaton's employees were in the vicinity of the light fixture did not raise a triable issue of fact as to its liability for contractual indemnification, since there is no evidence that the accident was somehow caused by Eaton's work (see Rosen v New York City Tr. Auth., 295 AD2d 126; Loiek v 1133 Fifth Ave. Corp., 46 AD3d 766). Accordingly, we agree with the Supreme Court's determination granting that branch of Eaton's motion which was for summary judgment dismissing the contractual indemnification cause of action in the third-party complaint.
RIVERA, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court